IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

GYNDRA L. GUY

    Plaintiff,

v.                                          Civil No. 20-cv-02833 JPM-cgc

MINACT, INC.,

    Defendants.

---

### REPORT AND RECOMMENDATION
---

The instant case is before the Court, by way of Administrative Order 2013-05[1]. On March 29, 2021, Defendant, MINACT Inc., filed its Motion to Compel (D.E. # 23). The notice of electronic filing receipt indicates that the motion was sent to the address of Ms. Guy's former attorney, Jason A. Lee, who was withdrawn from the case on February 3, 2021. The address was corrected on the docket and the motion, memorandum (D.E. # 24 and 26) and the Order of Reference were mailed to Ms. Guy on April 13, 2021. Pursuant to Local Rule 7.2(a)(2), Plaintiff's response is to be filed within fourteen (14) days after service of the motion. Fourteen days have passed and no response has been received from Plaintiff.

On May 4, 2021, an Order to Show Cause was entered ordering Plaintiff to respond to the Motion or to otherwise show cause within ten days of entry of the order as to why the court should not enter an order granting the motion for failure to respond pursuant to Local Rule 7.2(a)(2). To date, Plaintiff has not responded to the motion or the order to show cause.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*.  It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting her case. Plaintiff has an obligation to respond to discovery requests and to orders of the court and she has chosen not to do so.   As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiff.   The Order to Show Cause made it clear in bold letters that dismissal of the case was under consideration by the Court and that recommendation of dismissal would be made if she failed to respond to the Order.   Plaintiff has ignored the Court's order and has failed to meaningfully participate in the case.   Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, it is RECOMMENDED that the Plaintiff's Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent power and that the Motion to Compel be DENIED AS MOOT.

Signed this 17th day of May, 2021.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**